UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF KENTUCKY
AT PADUCAH

'05 FEB 22 P 3:27

FILED
US DISTRICT COURT CLERK
WESTN. DIST. KENTUCKY

McLAIN ENSRUD 5:'05 CV- 38- R PLAINTIFF

v. **COMPLAINT**

TRU BONDING, through its agent or principal, Susan J. Swain
JEFFREY VOGELSANG
THOMAS JOHNSON
UNKNOWN DEFENDANT, DRIVER DEFENDANTS

* * *

**COMES NOW THE PLAINTIFF**, McLain Ensrud, by counsel, and for his cause of action herein states as follows:

**JURISDICTION**

1. This Court has personal jurisdiction over the defendants pursuant to KRS 454.210(2)(a)(3), "causing tortious injury by an act or omission in this Commonwealth." Pursuant to KRS 454.210(3), service of process may be made on the defendants through the Kentucky Secretary of State, who is deemed to be the statutory agent for the defendants.

**Diversity of Citizenship**

2. Plaintiff is a citizen of the State of Kentucky, residing in the City of Hopkinsville, County of Christian.

3. All of the defendants are residents of the State of Tennessee.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

**Civil Rights**

5. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly 42 U.S.C. § 1983.

6. This Court has jurisdiction of this cause under 28 U.S.C. § 1343.

**COUNT I**

7. At all times herein relevant, plaintiff was charged with the misdemeanor offense of probation violation in Montgomery County, Tennessee.

8. Pursuant to the laws of Tennessee, which authorize and regulate commercial bonding companies, defendant Tru Bonding, through its agent or principal, Susan J. Swain ("Tru Bonding"), had posted a surety of $500.00 to assure plaintiff's appearance in Court. Defendant failed to appear at the scheduled time and date.

9. Upon plaintiff's failure to appear in Montgomery County, Tennessee, defendant Tru Bonding sent its agents, namely Jeffrey Vogelsang, Thomas Johnson and unknown defendant, driver, to arrest plaintiff and bring plaintiff before the Court.

10. Vogelsang, Johnson and unknown defendant, driver, located plaintiff at 245 Wildwood Drive, Hopkinsville, Christian County, Kentucky, where plaintiff was residing at that time.

11. On or about February 21, 2004, late at night, defendants Vogelsang and Johnson without warning or knocking, kicked in the back door of plaintiff's residence, placed him in restraints and transported him to Montgomery County, Tennessee, in a vehicle driven by unknown defendant, driver.

12. This "arrest" of plaintiff was conducted without a valid arrest warrant.

13. This "arrest" of plaintiff was conducted without authority to make an arrest.

14. This "arrest" of plaintiff was conducted with excessive force and unnecessary damage and destruction to property.

15. This "arrest" of plaintiff was conducted in violation of the civil and criminal statutes of the Commonwealth of Kentucky.

**COUNT II**

16. Plaintiff reiterates each and every allegation contained in Numerical Paragraphs 1 through 15 of this Complaint.

17. The actions of defendants in effecting this unlawful arrest were done under color of the statutes, regulations, customs and usages of the State of Tennessee.

18. By reason of this unlawful arrest, plaintiff has been subjected to deprivation of his rights under the Fourth Amendment (unlawful entry and warrantless arrest); the Eighth Amendment (excessive bail and cruel and unusual punishment); and the Fourteenth Amendment (deprivation of liberty without due process).

19. By reason of plaintiff's unlawful arrest by defendants, plaintiff has endured great pain and suffering, humiliation, loss of dignity, loss of earnings, and damage to property.

20. The actions of defendants, and each of them, in effecting this unlawful arrest were wilful, malicious and oppressive and without regard to the rights of the plaintiff.

**WHEREFORE,** plaintiff prays that the Court impose judgment on the defendants, and each of them, for actual damages of $100,000.00, punitive damages of $200,000.00, attorney's fees pursuant to 42 U.S.C. § 1988(b), for his costs herein expended, and for such other relief as to which plaintiff may appear entitled.

**Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues so triable.**

COUNSEL FOR PLAINTIFFS

**DAVID E. ARVIN**
1209 South Virginia Street
P. O. Box 1051
Hopkinsville, Kentucky 42241-1051
(270) 885-4500