UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:05-CV-38-R

McLAIN ENSRUD                                            PLAINTIFF

v.

TRU BONDING, through its agent or principal, Susan J. Swain
JEFFREY VOGELSANG
THOMAS JOHNSON
UNKNOWN DEFENDANT, DRIVER                        DEFENDANTS

**OPINION AND ORDER**

Plaintiff filed a Motion for Default Judgment against Defendant Tru Bonding through its agent Susan J. Swain (Docket # 9). Tru Bonding subsequently answered the Complaint and requested that the Court not grant Default Judgment against it (Docket # 12). The Court DENIES Plaintiff's Motion for Default Judgment.

"Fed. R. Civ. P. 55 provides that a court may enter a default judgment when 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure].'" *Coleman v. Sonoda Eng'g, Ltd.*, 2006 U.S. Dist. LEXIS 78194 at * 2 (E.D.Ky. October 25, 2006) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). The determination of whether to grant a default judgment is within the sound discretion of the district court. *Brasic v. Blanchard*, 1987 U.S. Dist. LEXIS 15409 (W.D. Mich. 1987). The law does not favor defaults, and the Court should decide any question whether to grant default judgment in favor of the defaulting party. 10 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND

Procedure § 2681(2d ed. 1983)    "Judgment by default is a drastic step which should be resorted to only in the most extreme cases. Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply [default judgment] liberally. *Seaboard*, 705 F.2d at 845 (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)).

The Court considers Ms. Swain's claims that she contacted the Plaintiffs after the suit was filed and believed that she was no longer a defendant. The Court also considers Ms. Swain's claims that she was unable to obtain an attorney immediately and was too ill to respond timely to this suit. Ms. Swain's reply was filed soon after the deadline for her answer and has caused no apparent prejudice to the Plaintiff. Accordingly, this Court does not deem this a rare case where default judgment is warranted.