UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:05-CV-38-R

McLAIN ENSRUD                                                                                    PLAINTIFF

v.

TRU BONDING, through its agent or principal, Susan J. Swain
JEFFREY VOGELSANG
THOMAS JOHNSON
UNKNOWN DEFENDANT, DRIVER                                                            DEFENDANTS

**OPINION AND ORDER**

Defendant Tru Bonding filed in her Answer a request for dismissal of claims against it (Docket # 12). Plaintiff responded to this Motion to Dismiss (Docket # 16). The matter is now ripe for adjudication. The Defendant's Motion to Dismiss is DENIED.

Plaintiff's claim arose from his alleged unauthorized "arrest" and the accompanying damage to his property. Plaintiff claims that his "arrest" was motivated by his failure to make a scheduled court appearance enabled by a bond note posted by Defendant Tru Bonding. According to Plaintiff, Tru Bonding ordered his "arrest" through its alleged agents Jeffrey Vogelsang, Thomas Johnson, and an unknown driver. Defendant Tru Bonding asserts that it did not order Plaintiff's "arrest." To further support its position, Tru Bonding, through its representative Susan J. Swain, presents a Surety Bond indicating that Memphis Bonding Company was liable for the bond, not Tru Bonding. The Surety Bond states as follows:

> Memphis Bonding Company, Inc., by and through its agent and corporate officer, Will Rainey, hereby swears, the Memphis Bonding Company, Inc., will honor pay and guarantee any bail bond that Susan Janice Swaim, d/b/a Tru Bonding, makes in the 19th Judicial Circuit

1

> for Tennessee. Further, Will Rainey asserts; that he has authority to sign this bond on behalf of Memphis Bonding Company, Inc. and that said Memphis Bonding Company Inc. has approved his signing of this bond.

Defendant Tru Bonding asserts that this bond negates any motivation on her part to collect the bond from Plaintiff and order his arrest.

The Court may dismiss a case for failure to state a claim on which relief may be granted. FED. R. CIV. PRO. 12(b)(6). However, if the Court is considering other matters outside of the pleading, the Court decides the Motion to Dismiss under the principles of Summary Judgment set out in Federal Rule of Civil Procedure 56. *Id.* Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "The plaintiff must present more than a mere scintilla of evidence in support of her position; the plaintiff must present 'evidence on which the jury could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment. "The mere existence of a

colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 247-49).

In this case, issues of fact still exist as to whether Defendant Tru Bonding was involved in Plaintiff's alleged arrest. The Surety Bond presented by Defendant Tru Bonding indicates that it was an interested party in the granting of Plaintiff's bond. When construing the interpretation of these facts in favor of the Plaintiff, the Court cannot agree that the claims against Defendant Tru Bonding may be summarily dismissed.